**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 20 2013, 5:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JEFFREY E. KIMMELL**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT DASHON JAMES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1301-CR-4 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Jane Woodward-Miller, Judge
Cause No. 71D01-1208-FC-194

**June 20, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

South Bend police pulled over a speeding SUV in which Appellant-Defendant Robert James was the front-seat passenger. When officers found a revolver in the center console, James admitted that he knew it was in the vehicle and that he was returning it to his father. James was eventually convicted of and sentenced for Class C felony felon in possession of a handgun and sentenced to four years of incarceration. James contends that the State failed to produce sufficient evidence to establish that he possessed the revolver found in the SUV. Finding James's argument unpersuasive, we affirm.

### FACTS AND PROCEDURAL HISTORY

At approximately 1:30 a.m. on August 3, 2012, South Bend Police Officer Anthony Dawson observed a silver SUV exceeding the posted speed limit. When Officer Dawson pulled the SUV over, he approached and detected a very strong odor of burnt marijuana coming from the vehicle. Officer Dawson had the three occupants, of which James was the front passenger, step out of the SUV. By this time, Officer Brandon Stec had arrived. When the officers searched the SUV, Officer Stec found a loaded revolver in the center console. Officer Stec handcuffed James and read him his *Miranda*[1] rights, after which James agreed to speak with him.

James told Officer Stec that the SUV belonged to his mother, but when Officer Stec asked James if there were any weapons in the SUV, he replied in the negative. When Officer Dawson spoke with James, James admitted that he knew of the revolver, that it was owned by his father, and that he was returning it to him. James knew the caliber and color of the gun

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

and admitted to placing it in the center console. James later claimed that the revolver actually belonged to the SUV's driver, Barnard Johnson.

The State charged James with Class A misdemeanor carrying a handgun without a license, Class C felony felon in possession of a handgun, and Class D felony carrying a handgun after having been convicted of carrying a handgun without a license. Following a bifurcated trial, James was ultimately convicted of Class C felony felon in possession of a handgun, for which the trial court sentenced him to four years of incarceration.

## DISCUSSION

### Whether the State Produced Sufficient Evidence to Sustain James's Felon in Possession of a Handgun Conviction

When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the factfinder's role to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id*. We consider conflicting evidence in the light most favorable to the trial court's ruling. *Id*. We affirm the conviction unless no reasonable fact-finder could find that the elements of the crime were proven beyond a reasonable doubt. *Id*.

James contends only that the State produced insufficient evidence to establish that he possessed the handgun found in the SUV. Officer Dawson testified, however, that James told him that he placed the revolver in the center console of the SUV. This is sufficient to prove beyond a reasonable doubt that James possessed the revolver. James points to his initial claim that there were no weapons in the SUV and his later statement that the revolver

3

actually belonged to Johnson. James's argument amounts to nothing more than an invitation to reweigh the evidence, which we will not do. The State produced sufficient evidence to sustain James's conviction for Class C felony felon in possession of a handgun.

The judgment of the trial court is affirmed.

RILEY, J., and BROWN, J., concur.